UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>                         Plaintiff, <br> v. <br> MARLIN LEE GOUGHER, <br>                         Defendant. | Case No.: 14cr635 WQH <br><br> **ORDER** |

HAYES, Judge,

The matter before the Court is the motion for compassionate release (ECF No. 246) filed by the Defendant.

## FACTS

On December 18, 2017, Judgment was entered committing Defendant to the custody of the Bureau of Prisons for 200 months and 20 years of supervised release for receipt of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2); distribution of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2); and possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). Defendant has served approximately 45 months of his sentence and is scheduled to be released on April 20, 2031.

1   While incarcerated, Defendant has three infractions in his disciplinary record for refusing to obey an order and refusing a work assignment, interfering with taking count of inmates, and refusing to obey an order. (Defendant's Exhibit 1).

Medical records indicate Defendant tested positive for COVID-19 in May 2020 and experienced mild symptoms and that Defendant fractured his ankle in September 2020.

On October 26, 2020, Defendant filed a motion for release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court order his immediate release from prison. Defendant asserts that the child pornography laws are not constitutional; child pornography laws are at odds with empirical evidence from social sciences; and child pornography laws destroy the family unit, especially the victims. Defendant asserts that his advanced age, history of smoking, and prior Covid-19 infection present an extraordinary and compelling circumstance warranting his compassionate release. Defendant asserts that his risks of reinfection with Covid-19 support his immediate release.

Plaintiff United States contends that Defendant has failed to present any extraordinary and compelling reasons warranting a sentence reduction. Plaintiff United States further asserts that §3553(a) factors weigh against Defendant's release based upon the seriousness of his offenses and the Defendant's continued infractions in custody.

## RULING OF THE COURT

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). However, a narrow exception in § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

>   unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>   (i) extraordinary and compelling reasons warrant such a reduction;
>   …
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).[1]

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

>   Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>   (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
>   (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>   (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. Application Note 1 § 1B1.13 provides for the following extraordinary and compelling reason:

>   (A) Medical Condition of the Defendant.--

---

[1] Plaintiff United States agrees that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is--
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Application Note 1 § 1B1.13. The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Bureau of Prisons. This Court takes these sentencing guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission. However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant was sentenced to 200 months in the custody of the Bureau of Prisons after a jury found him guilty of possession, receipt and distribution of images of minors engaged in sexually explicit conduct. At sentencing, this Court found that a lengthy sentence was necessary "to protect the public from further crimes of the defendant" and "to afford deterrence to criminal conduct." Sentencing Transcript, ECF No. 239 at 37-38. Applying the factors under 18 U.S.C. § 3553(a), the Court concluded that Defendant's participation in these serious offenses supported the imposition of the 200 months sentence. Defendant's judgment was affirmed on appeal. *See United States v. Gougher*, No. 17-50436, 18-50352 (Memorandum decision November 19, 2020 affirming Defendant's conviction and sentence).

The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed. Defendant continues to reject any responsibility for his conduct and to deny the legality of laws that form the basis for his conduct. Defendant has failed to demonstrate any factors set forth in 18 U.S.C. § 3553(a) that would support a reduction in the sentence imposed taking into account the seriousness of his offenses, Defendant's continued inability to acknowledge the laws against child pornography, and continued inability to follow the rules in custody. Defendant remains a danger to the community and his continued incarceration is necessary in order to protect the public from further crimes.

Defendant does not present evidence to support any medical condition that would serve as "extraordinary and compelling reasons" for his release. 18 U.S.C. § 3582(c)(1)(A)(i). Chronic conditions, such as a history of smoking, that can be managed in prison are not a sufficient basis for compassionate release. The record demonstrates that Defendant has received treatment for his existing conditions. Defendant has recovered from COVID-19 and there is no evidence to suggest any enhanced risk of severe consequences should a reinfection occur. The facts presented in this record show Bureau of Prisons has modified operational plans to address the risk of COVID-19 transmission and the outbreak at FCI Lompoc. The Court finds that there is no evidence in this record to support a finding that "extraordinary and compelling reasons" warrant a reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). In addition, application of the § 3553(a) factors weigh strongly against reducing Defendant's sentence to time-served.

IT IS HEREBY ORDERED that the motion for an order granting compassionate release (ECF No. 246) is denied.

Dated: December 14, 2020

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court